UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CHERYL A. HOGLE,                          )   NO. EDCV 06-957 MAN
                                          )
              Plaintiff,                  )
                                          )   MEMORANDUM OPINION
         v.                               )
                                          )   AND ORDER
MICHAEL J. ASTRUE,[1]                     )
Commissioner of the                       )
Social Security Administration,           )
                                          )
              Defendant.                  )
_____ )

     Plaintiff filed a Complaint on September 8, 2006, seeking review of
the denial by the Social Security Commissioner ("Commissioner") of a
claim for supplemental security income benefits ("SSI").  On October 11,
2006, the parties consented to proceed before the undersigned United
States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  The parties
filed a Joint Stipulation on May 23, 2007, in which:  plaintiff seeks an
order reversing the Commissioner's decision and directing the immediate
payment of benefits or, in the alternative, remanding the matter for a

_____

[1]   Michael J. Astrue became the Commissioner of the Social Security
Administration on February 12, 2007, and is substituted in place of
former Commissioner Joanne B. Barnhart as the Defendant in this action.
(*See* Fed. R. Civ. P. 25(d)(1); Section 205(g) of the Social Security
Act, last sentence, 42 U.S.C. § 405(g).)

new hearing, and awarding plaintiff costs and fees; and defendant seeks an order affirming the Commissioner's decision.  The Court has taken the parties' Joint Stipulation under submission without oral argument.

### SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff protectively filed an application for SSI on July 3, 2002, which was denied initially and upon reconsideration. (Administrative Record ("A.R.") 45-48, 50-54, 69-75.)  On November 20, 2003, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Peter J. Valentino ("ALJ Valentino"). (A.R. 22-42.)  On January 27, 2004, ALJ Valentino denied plaintiff's claim, and the Appeals Council subsequently denied plaintiff's request for review of that decision.  (A.R. 4-6, 11-19.)

Plaintiff protectively filed a second application for SSI on April 15, 2004, which was also denied initially and upon reconsideration. (A.R. 238, 247, 397.)  On March 20, 2006, plaintiff's attorney appeared and testified on behalf of plaintiff at a supplemental hearing before ALJ Lowell Fortune ("ALJ").  (A.R. 391-409.)

On May 19, 2006, the ALJ denied plaintiff's claim, and the Appeals Council subsequently denied plaintiff's request for review of that decision.  (A.R. 206, 213-219.)

///
///
///
///

2

### SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that plaintiff has not engaged in substantial gainful activity since December 31, 1996, and has "severe" impairments of diabetes mellitus, hypertension, an anxiety disorder, and a depressive disorder. (A.R. 12, 213, 215.) The ALJ also found that plaintiff's statements concerning the intensity, duration, and limiting effects of her pain symptoms were not entirely credible. (A.R. 217.)

The ALJ further found that plaintiff has the residual functional capacity to perform a narrowed range of light work, which includes being able to lift and/or carry 10 pounds frequently and 20 pounds occasionally, being able to stand and/or walk for 6 hours and sit for 6 hours, and being able to perform simple, repetitive tasks with limited public contact. (A.R. 216.) Based on this assessment, the ALJ concluded that plaintiff was unable to perform any of her past relevant work,[2] but could perform other jobs which exist in significant numbers in the national economy. (A.R. 217.) Accordingly, the ALJ concluded that plaintiff is not disabled. (A.R. 218.)

### STANDARD OF REVIEW

This Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's decision must stand if it is supported by substantial

---

[2]    Plaintiff has past relevant work experience as a clerk checker, cashier, and night stocking clerk. (A.R. 12.)

1  evidence and applies the appropriate legal standards.  <u>Saelee v. Chater</u>,

2  94 F.3d 520, 521 (9th Cir. 1996).  Substantial evidence is "more than a

3  mere scintilla but less than a preponderance -- it is such relevant

4  evidence that a reasonable mind might accept as adequate to support the

5  conclusion."  <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995).

7      Although this Court cannot substitute its discretion for that of

8  the Commissioner, this Court nonetheless must review the record as a

9  whole, "weighing both the evidence that supports and the evidence that

10 detracts from the [Commissioner's] conclusion."  <u>Desrosiers v. Sec'y. of</u>

11 <u>Health and Human Serv.</u>, 846 F.2d 573, 576 (9th Cir. 1988); *see also*

12 <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is

13 responsible for determining credibility, resolving conflicts in medical

14 testimony, and for resolving ambiguities."  <u>Andrews v. Shalala</u>, 53 F.3d

15 1035, 1039-40 (9th Cir. 1995).  This Court must uphold the

16 Commissioner's decision if it is supported by substantial evidence and

17 free from legal error, even when the record reasonably supports more

18 than one rational interpretation of the evidence.  *Id.* at 1041; *see also*

19 <u>Morgan v. Commiss'r. of the Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th

20 Cir. 1999); <u>Flaten v. Sec'y.</u>, 44 F.3d 1453, 1457 (9th Cir. 1995).

22                                   **DISCUSSION**

24     Plaintiff alleges the following four issues:  (1) whether the ALJ

25 considered the treating physician's opinion of disability; (2) whether

26 the ALJ properly considered the side effects of plaintiff's medications;

27 (3) whether the ALJ posed a complete hypothetical question to the

28 vocational expert; and (4) whether the ALJ properly considered

                                        4

plaintiff's credibility.  (Joint Stipulation ("Joint Stip.") at 2-3.)
The Court addresses each of these issues below, although not in the
precise manner presented.

**A.  The ALJ Improperly Disregarded The Opinion Of Plaintiff's
Marriage And Family Therapist.**

The Social Security regulations governing SSI claims distinguish
between those opinions coming from "acceptable medical sources" and
those coming from "other sources."  Included in the list of "other
sources" are therapists.  20 C.F.R. §§ 416.902, 416.913(d)(1).  Although
Section 416.913 sets forth guidelines for the Commissioner to follow
when weighing conflicting opinions from acceptable medical sources, the
regulation does not provide guidelines regarding the weight that should
be accorded to opinions from "other sources."  On August 9, 2006, the
Social Security Administration issued a policy interpretation ruling to
set forth existing policies and clarify how opinions from "other
sources" are to be considered.  Social Security Ruling (SSR) 06-03p,
2006 WL 2329939, at *1.

It is well-settled that, although the Commissioner may accord
opinions from "other sources" less weight than opinions from acceptable
medical sources, the opinions from "other sources" should not be
ignored.  *See* Gomez v. Chater, 74 F.3d 967, 970-971 (9th Cir. 1996) (ALJ
may accord opinions from "other sources" *less weight* than opinions from
acceptable medical sources); *see also* Koschnitzke v. Barnhart, 293 F.
Supp. 2d 943, 950 (E.D. Wis 2003)(the ALJ may accord opinion of "other
source" less weight than that of an acceptable medical source, but

should still provide "sufficient reasons" for rejecting it). Opinions from medical sources classified as "other sources," such as therapists, may be relevant to establishing the severity of an impairment and how it affects a claimant's ability to function. 20 C.F.R. § 416.913(d); *see also* SSR 06-3p, 2006 WL 2329939, at *2; <u>Gomez</u>, 74 F.3d at 971.

In the instant case, Marriage and Family Therapist David Powell ("MFT Powell"), with whom plaintiff treated on August 23, 2004, found that plaintiff suffered from Major Depressive Disorder, recurrent and severe, and assigned plaintiff a Global Assessment Function ("GAF") of 48.[3] (A.R. 354.) Under this assessment, plaintiff fell within the "Serious Symptoms" category, which is described as "any serious impairment in social, occupational or school functioning." American Psychiatric Association, <u>Diagnostic and Statistical Manual of Mental Disorders</u>, 32-34 (4th Ed. 2000).

In his decision, the ALJ neither references MFT Powell's opinion nor gives any indication regarding whether the ALJ has even read and considered it. Rather, the ALJ simply incorporates the analysis of the medical evidence set forth in ALJ Valentino's prior decision[4] and relies

_____

[3]   Plaintiff contends that MFT Powell is a "treating physician" whose opinion is entitled to controlling weight. That contention is incorrect. *See* 20 C.F.R. §§ 416.913(a) & (d), 416.927(d); SSR 06-3p, 2006 WL 2329939, at *2. MFT Powell is an "other source" whose opinion is entitled to less weight than opinions from acceptable medical sources. *Id.* Thus, MFT Powell's opinion is entitled to *some* weight, rather than controlling weight, as suggested by plaintiff, or no weight, as the ALJ's decision tacitly suggests.

[4]   ALJ Valentino noted that, at various points in plaintiff's longitudinal mental history, she had a GAF of 55, which suggests moderate symptoms or moderate difficulty, and 60, which suggests borderline moderate to mild symptoms or difficulty but generally

on portions of the June 9, 2004 assessment of the San Bernardino County Department of Behavioral Health, which revealed, *inter alia*, that plaintiff had "no agitation, sleep was good, appetite poor, judgment fair, and no psychosis." (A.R. 216, 358.)

Although the ALJ is entitled to give MFT Powell's opinion *less weight* than those of "acceptable medical sources," the ALJ nonetheless should have considered and addressed this opinion. While information from "other sources" cannot establish the existence of a medically determinable impairment, when information from an acceptable medical source has established an impairment, then information from an "other source" may be relevant to that impairment's severity and affect on the claimant's ability to function. SSR 06-3p, 2006 WL 2329939, at *2; Sloan v. Astrue, 499 F.3d 883, 888 (8th Cir. 2007). Here, an acceptable medical source did diagnose plaintiff with depressive disorder, which the ALJ determined is a severe impairment. (*See* A.R. 14, 215.) Thus, MFT Powell's opinion regarding the severity of plaintiff's depressive disorder is relevant, and under pre-existing precedent as well as SSR 06-3p, may not be ignored. If the ALJ actually did consider MFT Powell's opinion and concluded that it deserved no weight whatsoever, the ALJ should have provided reasons for his decision to reject it. The ALJ's failure to discuss MFT Powell's diagnosis at all, however, constitutes error. On remand, the ALJ must consider MFT Powell's opinion and either credit it or set forth appropriate reasons for rejecting it.

---

acceptable function. (A.R. 14.)

7

B.  **Plaintiff's Credibility And The Side Effects of Plaintiff's**
**Medications Should Be Reassessed on Remand**.

1.  **The ALJ Did Not Properly Evaluate Plaintiff's Credibility**.

The law is well-settled that, once a disability claimant produces evidence of an underlying physical impairment that is reasonably likely to be the source of her subjective symptom(s), the subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 2001)(*en banc*); *see also* 20 C.F.R. § 416.929(a) (explaining how pain and other symptoms are evaluated). "Unless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006); *see* Smolen, 80 F.3d at 1283-84 ("Once a claimant meets the *Cotton* test [Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986)] and there is no affirmative evidence suggesting she is malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only if he makes specific findings stating clear and convincing reasons for doing so."); *see also* Lester v. Chater, 81 F.3d 821 (9th Cir. 1996). Further, the ALJ's credibility findings must be "sufficiently specific" to allow a reviewing court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. Moisa, 367 F.3d at 885. If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the Court's role to

8

"second-guess" it.  <u>Rollins v. Massanari</u>, 261 F. 3d 853, 857 (9th Cir. 2001).

In this case, the ALJ concluded that plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms." (A.R. 217.)  Further, no evidence of malingering by the plaintiff is cited by the ALJ.  Accordingly, the ALJ's reasons for rejecting plaintiff's credibility must be "clear and convincing."

In finding plaintiff's subjective symptom allegations to be not credible, the ALJ relied on three factors:  ALJ Valentino's prior decision; the fact that plaintiff had not been hospitalized for her mental impairment and, instead, received outpatient treatment; and the ALJ's conclusion that plaintiff's "activities of daily living are not significantly limited.  She is able to cook and clean.  She watches television, walks ½ hour [a day], and can lift about 40 pounds." (A.R. 217.)  The ALJ rejected as "not entirely credible" plaintiff's "statements concerning the intensity, duration, and limiting effects" of her symptoms without identifying which of her statements he found to be not credible.  (*Id.*)

To the extent that the ALJ rested his credibility assessment on the prior adverse credibility finding by ALJ Valentino, without doing more, he committed error.  When plaintiff filed her most recent application, she submitted a Disability Report - Adult, dated May 15, 2004 (A.R. 292-298) and a Disability Report - Appeal, dated November 22, 2004 (A.R. 309-315).  In the former report, plaintiff states:  "I have panic attacks when I'm around people.  My concentration isn't very good.  I

9

can't remember where I put things." (A.R. 293.)  Similarly, in the latter report, plaintiff states that she attends Phoenix Clinic because of major depression, panic disorder, and post-traumatic stress disorder, and "when [she's] around people [she] has panic attacks." (A.R. 311, 313.)  These reports, which set forth plaintiff's subjective complaints about her mental impairments as of the date of her current application, were not before ALJ Valentino.  Thus, the ALJ's summary reliance on ALJ Valentino's prior decision did not satisfy the ALJ's duty to make an appropriate credibility assessment of the evidence before him regarding plaintiff's subjective symptom complaints.

The ALJ's credibility assessment, therefore, rests on only two things -- his conclusion that plaintiff's treatment for her mental impairments is not sufficiently intense, and his conclusion that her daily activities were inconsistent with her statements.  These justifications for finding plaintiff not credible, however, are not clear and convincing.  Plaintiff's statements regarding the effect of her mental impairments are not inconsistent with the level of treatment she receives for such impairments.  The ALJ's implicit conclusion -- that a claimant alleging mental impairment lacks credibility unless she has been so impaired that institutionalization or hospitalization was ordered -- is insupportable under the governing law and regulations. *See, e.g.,* Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits"); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987)("'Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.'")(citation omitted).

10

The ALJ's reliance on plaintiff's daily activities to support his credibility finding is similarly deficient, as it fails to demonstrate how plaintiff's ability to perform light household chores and watch television translates into the ability to engage in full-time work. *See* Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990)(daily activities may not be relied upon to support an adverse credibility decision where those activities do not affect the claimant's ability to perform appropriate work activities on an ongoing and daily basis); *see also* Fair, 885 F.2d at 602 ("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain."); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998)(only if the level of activity were inconsistent with claimant's claimed limitations would these activities have any bearing on claimant's credibility).   There is no basis for finding that the general activities cited by the ALJ are easily transferable to the more grueling environment of the workplace, much less that they are inconsistent with and/or negate plaintiff's assertions as to her subjective symptoms flowing from her mental impairments.   Accordingly, the ALJ's reliance on plaintiff's daily activities as a basis for an adverse credibility finding is not convincing.

Thus, the ALJ's rejection of plaintiff's credibility is not adequately supported in accordance with the proper legal standards and constitutes reversible error.   On remand, unless there is affirmative evidence showing that plaintiff is malingering, the ALJ must set forth

11

1   "clear and convincing" reasons, if they exist, for discrediting
2   plaintiff's credibility that are "sufficiently specific" to allow a
3   reviewing court to conclude that the ALJ rejected plaintiff's subjective
4   symptom statements on permissible grounds.  <u>Lester</u>, 81 F.3d at 834;
5   <u>Moisa</u>, 367 F.3d at 885.  If the ALJ concludes on remand that plaintiff
6   is malingering, then he must state that conclusion and set forth the
7   evidence supporting that conclusion and his consequent disbelief of
8   plaintiff's credibility.

10      **2.   <u>The ALJ Failed To Consider The Side Effects Of</u>**
11           **<u>Plaintiff's Medications</u>.**

13      In evaluating symptoms, SSR 96-7p specifically requires
14   consideration of the "type, dosage, effectiveness, and side effects of
15   any medication the individual takes or has taken to alleviate pain or
16   other symptoms." *See also* 20 C.F.R. § 416.929(c)(3)(iv).  The Ninth
17   Circuit has held that the "side effects of medications can have a
18   significant impact on an individual's ability to work and should figure
19   in the disability determination process." <u>Varney v. Sec'y. of Health</u>
20   <u>and Human Serv.</u>, 846 F.2d 581, 585 (9th Cir. 1988)(superseded by statute
21   on other grounds as stated in <u>Bunnell</u>, 947 F.2d at 345).  Thus, if the
22   ALJ "chooses to disregard a claimant's testimony as to the subjective
23   limitations of side effects, he must support that decision with specific
24   findings similar to those required for excess pain testimony, as long as
25   the side effects are in fact associated with the claimant's
26   medications(s)." *Id.*

28      In evaluating the side effects of plaintiff's medications, the ALJ

did not consider the most current list of medications that plaintiff prepared in conjunction with her 2004 application, which included the following ten medications:  Atenolol, Avandia, Clonazepam, Clonidine, Analapril, GEODON, Glucophage, Norvasc, Pravachol, and Zoloft. (A.R. 296.)  In this same report, plaintiff indicated that Zoloft makes her sleepy.  Not only did the ALJ fail to consider how this side effect of Zoloft affects plaintiff's ability to function properly in the workplace but the ALJ also failed to provide "specific findings" for rejecting plaintiff's claimed limitations stemming from the side effects of this medication.[5]  Varney, 846 F.2d at 585.  On remand, the ALJ should consider the type, dosage, effectiveness, and side effects of plaintiff's medications in accordance with SSR 96-7p.

**C.   The Adequacy Of The Hypothetical Posed To The Vocational Expert Cannot Be Assessed At This Time.**

"[Q]uestions posed to a vocational expert must set out all of the particular claimant's limitations and restrictions." Embry v. Brown, 849 F.2d 418, 423 (9th Cir. 1988).  If the hypothetical is incomplete, the vocational expert's opinion has no evidentiary value. Id.

Until the ALJ has considered, in accordance with the governing legal standards, both MFT Powell's opinion and plaintiff's statements

---

[5]   This report, created subsequent to ALJ Valentino's initial decision, indicates that plaintiff's condition has changed in at least one aspect.  Accordingly, the ALJ had a duty to develop the record with respect to this change and any other possible changes in plaintiff's condition. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)(the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered).

regarding the severity of her symptoms and the side effects of her medications, the adequacy of the hypothetical posed to the vocational expert cannot be assessed properly.  Following remand and an appropriate reassessment of the combined effects of plaintiff's impairments, as well as the symptoms caused by these impairments and the side effects of medications prescribed to treat them, the ALJ should pose a hypothetical question to the vocational expert that fully reflects the extent of plaintiff's combined impairments and realistically reflects the extent of the accommodations which can be expected in the workplace

**D.   <u>Remand Is Required.</u>**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.*

Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.,* <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004)(remand for

14

further proceedings is appropriate if enhancement of the record would be useful);  <u>McAllister  v.  Sullivan</u>,  888  F.2d  599,  603  (9th  Cir. 1989)(remand appropriate to remedy defects in the record).


**CONCLUSION**


Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.


IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: March 26, 2008

/s/<br>
MARGARET A. NAGLE<br>
UNITED STATES MAGISTRATE JUDGE

15